# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:10CR00002-007 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CREED LOGSDON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Creed Logsdon, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. For the reasons stated, and after review of the motion and the record of prior proceedings, I will dismiss the § 2255 motion on preliminary review. *See* Rule Governing Section 2255 Proceedings 4(b).

The defendant was sentenced by this court on April 1, 2020, to a term of time served after revocation of his supervised release. He was also placed on a term of supervised release of two years. J., Apr. 1, 2020, ECF No. 678.[1]

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United

---

[1] On October 2, 2020, an arrest warrant was issued for Logsdon by this court for violating a condition of his supervision by being arrested by state authorities for drug possession and obstructing justice. He is presently in state custody in connection with those state charges.

States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Logsdon claims that his sentence was excessive because adding his time served of two and half months, plus four months home confinement, long with two years supervision, exceeds the maximum. His claim is frivolous. The maximum sentence of imprisonment was 24 months and the maximum term of supervision was life. Home confinement is simply a term of supervision. No part of his sentence had any relation to how much further time was left on his prior period of supervised release.

For these reasons, the § 2255 motion will be dismissed. A separate final order will be entered.

DATED: January 13, 2021

/s/ JAMES P. JONES
United States District Judge